# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | CRIMINAL ACTION |
|---|---|
| VERSUS | NO. 15-169 |
| RAVEN HUGHES | SECTION: "E" (1) |

## ORDER AND REASONS

Before the Court is Defendant Raven Hughes' Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255.[1] The Government opposes Defendant's motion.[2] For the following reasons, Defendant's motion is **DENIED**.

## BACKGROUND

On June 26, 2015, Raven Hughes was charged in an eight-count indictment related to her role in using identities of unwitting individuals to file dozens of false and fraudulent tax returns and receiving tax refund checks for those individuals.[3] Counts One through Four concerned specific tax refund checks she received in other people's names because of her role in the scheme.[4] Counts Five through Eight charged Hughes with discrete incidents of aggravated identity theft based on her use of others' means of identification in furthering her fraudulent scheme.[5]

On February 2, 2016, Hughes pleaded guilty to Counts Four and Eight of the Indictment.[6] As part of her plea, Hughes and her counsel signed a Factual Basis detailing

---

[1] R. Doc. 68.
[2] R. Doc. 70.
[3] R. Doc. 21.
[4] *Id.* at 1-6; R. Doc. 58, at 5.
[5] R. Doc. 21, at 6; R. Doc. 58, at 5.
[6] R. Docs. 49, 50, 51, 58.

1

the conduct she committed and a Plea Agreement.[7] Pursuant to the Plea Agreement, Hughes pleaded guilty to Counts 4 and 8 and agreed to her appellate rights, as set forth in the plea agreement, knowingly and voluntarily in exchange for concessions made by the Government, including to "dismiss all remaining counts in the Indictment now pending against the defendant" and "not to bring any other charges in the Eastern District of Louisiana arising out of the conduct detailed in the Factual Basis."[8] Hughes also agreed to "waive[] and give[] up any . . . right to challenge the manner in which defendant's sentence was determined and to challenge any United States Sentencing Guideline determinations and their application by any judge to defendant's sentence and judgment[.]"[9]

On May 18, 2016, Hughes was sentenced to thirty-six months in prison: 12 months as to Count 4 and twenty-four months as to Count 8, to be served consecutively.[10] The sentence was a downward variance from the Guideline range of fifty-seven to seventy-one months.

Hughes has not filed a direct appeal with the Fifth Circuit. On December 5, 2016, Hughes, *pro se*, filed her motion to vacate, set aside, or correct sentence pursuant to Title 28, United States Code, Section 2255.[11] In her motion, Hughes alleges five grounds for her request to vacate her sentence: (1) that the Court miscalculated the recommended Guidelines sentencing range, specifically by using the wrong loss amount and number of victims[12]; (2) that the Court erred in imposing a sentence based, in part, on information

---

[7] R. Docs. 50, 51.
[8] R. Doc. 51, at 1, 3-4.
[9] *Id.* at 3.
[10] *See* R. Doc. 65, at 2.
[11] R. Doc. 68.
[12] *Id.* at 5.

that constituted relevant conduct without that information first being heard by a jury[13]; (3) that her counsel was ineffective by allowing her to be sentenced "without the Government submitting evidence of aggravated theft" and that Hughes was merely a "go between" in the scheme[14]; (4) that the Defendant "should have received a downward departure based on her minor role in the fraud[15]; and (5) that the Court failed to credit the time that Hughes spent on a monitoring device prior to sentencing.[16]

In its Opposition, the Government argues (1) Hughes' claims are foreclosed by the collateral review waiver in her plea agreement; (2) four of the five grounds Defendant raises in her motion are not cognizable under Section 2255; and (3) Defendant's cognizable claim under Section 2255 alleging ineffective assistance of counsel is unsupported by precedent and the facts.[17]

## LEGAL STANDARD

Under 28 U.S.C. § 2255, a federal prisoner may move the court that imposed her sentence to vacate, set aside or correct the sentence.[18] Section 2255 identifies only four bases on which the motion may be made: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack."[19] A claim of error that is neither constitutional nor jurisdictional is not cognizable in a section 2255 proceeding unless the

---

[13] *Id.* at 6.
[14] *Id.* at 7-8.
[15] *Id.* at 9.
[16] *Id.* at 10.
[17] *See* R. Doc. 70.
[18] 28 U.S.C. § 2255(a).
[19] *Id.*; *see also United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996).

3

error constitutes a "fundamental error" that "renders the entire proceeding irregular or invalid."[20]

As mandated by Rule 4 of the Rule Governing Section 2255 Proceedings, the court must examine a § 2255 motion promptly and "if it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.[21] If the motion raises a non-frivolous claim to relief, the Court must order the Government to file a response or take other appropriate action.[22] Should the court find that there is a need to expand the record, with good cause shown, limited discovery can be authorized.[23] After reviewing the Government's response and the record, the Court must determine whether an evidentiary hearing is warranted.[24] An evidentiary hearing need not be held if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."[25] Furthermore, no evidentiary hearing is required if the prisoner fails to produce any "independent indicia of the likely merit of [her] allegations."[26]

As stated by Judge Vance in *Caston*:

Ultimately, the petitioner bears the burden of establishing his claims of error by a preponderance of the evidence. For certain "structural" errors, relief follows automatically once the error is proved. For other "trial" errors, the court may grant relief only if the error "had substantial and injurious effect or influence" in determining the outcome of the case. If the Court finds that the prisoner is entitled to relief, it "shall vacate and set the

---

[20] *United States v. Addonizio*, 442 U.S. 178, 185 (1979).
[21] Rules Governing Section 2255 4(b).
[22] *Id.*
[23] Rules Governing Section 2255 6-7.
[24] Rules Governing Section 2255 8.
[25] 28 U.S.C. § 2255(b).
[26] *United States v. Balderas*, 2014 WL 345287, at *2 (E.D. La. Jan. 27, 2014) (citing *United States v. Caston*, 2013 WL 3933400 (E.D. La. July 30, 2013); *United States v. Edward*, 443 F.3d 258, 264 (5th Cir. 2006); *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998)).

judgment aside and shall discharge the prisoner or resentence [her] or grant a new trial or correct the sentence as may be appropriate.[27]

### I. Hughes' Claims Are Foreclosed by the Collateral Review Waiver in Her Plea Agreement

At her re-arraignment, and pursuant to the written terms of her plea agreement, Hughes knowingly and voluntarily waived and gave up:

> [A]ny right to challenge [her] sentence collaterally, including but not limited to any and all rights which arise under Title 28, United States Code, Sections 2255 and 2241, Rule 60 of the Federal Rules of Civil Procedure, Rule 36 of the Federal Rules of Criminal Procedure, writs of coram nobis and audita querela, and any other collateral challenges to her sentence of any kind.[28]

Hughes specifically did not waive and retained:

> [T]he right to bring a direct appeal of any sentence imposed in excess of the statutory maximum. The defendant also retains the right the right to bring a post-conviction challenge if defendant establishes that ineffective assistance of counsel directly affecting the validity of this waiver of appeal and collateral challenge rights or the validity of the plea itself.[29]

A defendant who has agreed to a waiver as part of a plea agreement "is not entitled to raise any and all ineffective assistance claims in [a] §2255 motion, but rather only claims that ineffective assistance 'directly affected' the validity of [her] plea agreement and waiver of collateral challenge rights."[30] As a result, it is clear that Defendant Hughes has waived any arguments regarding stages of proceedings other than her plea agreement or the waiver, including the indictment, her sentence, and her appeal.[31]

---

[27] *Caston*, 2013 WL 3933400 at \*2.
[28] R. Doc. 51, at 3.
[29] *Id.*
[30] *United States v. Henry*, No. 08-19, 2010 WL 2998888, at \*4 (E.D. La. July 28, 2010) (quoting *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002) (emphasis in original)).
[31] *See id.*

5

II.     <u>Four of the Five Grounds Raised by Defendant Are Not Cognizable Under Section 2255</u>

As the Government correctly identifies in its Opposition, four of the Defendant's contentions, Grounds 1, 2, 4 and 5, are inappropriate for collateral review and as a result are not properly before the Court under Section 2255.[32] "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice."[33] "A defendant 'may not raise an issue [constitutional or jurisdictional in nature] for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from that error.'"[34] Further, "If the error is not of constitutional or jurisdictional magnitude, the defendant must show the error would result in a complete miscarriage of justice."[35] As the Government correctly acknowledges, "Objections to the technical application of Sentencing Guidelines, such as Hughes's, are not a cognizable ground for relief in a Section 2255 proceeding."[36] As Hughes has not sought a direct appeal in this case, her motion based on Grounds 1, 2, 4 and 5 are not properly before the Court.

Further, as the Government identifies, "as part of her plea agreement, Hughes agreed to waive her right to object to 'the manner in which defendant's sentence was determined and to challenge any United States Sentencing Guidelines determinations and their application by any judge to the defendant's sentence and judgment."[37] As a

---

[32] *See* R. Doc. 70, at 5.
[33] *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994) (quoting *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992)).
[34] *Id.* (alterations in original) (quoting *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991)).
[35] *Id.* (quoting *Shaid*, 937 F.2d at 232 n.7).
[36] R. Doc. 70, at 5 (citing *Segler*, 37 F.3d at 1134; *United States v. Payne*, 99 F.3d 1273, 1281-82 (5th Cir. 1996); *United States v. Dorsey*, No. 13-013, 2013 WL 1804027, *7 (N.D. Tex. Apr. 29, 2013)).
[37] *Id.* at 6 (citing R. Doc. 50, at 3).

6

result, the Court finds that the Defendant's arguments regarding the Court's calculation of the Sentencing Guideline range is precluded by the terms of her plea agreement, which Defendant entered into knowingly and voluntarily.

    III.    <u>Defendant's Cognizable Claim Under Section 2255 Alleging Ineffective Assistance</u>

Defendant's only remaining claim is that her counsel was ineffective in allowing her to be sentenced on Count 8 without the Government presenting enough evidence she committed that crime.[38] Defendant argues, "The plea agreement clearly spells out Mail Fraud, yet the aggravated identity theft is ambiguously put into the plea agreement with no evidence of aggravated identity theft on the movant's behalf. The movant acted as a go between."[39] Defendant also argues, "Counsel was well aware of movant's part in the Mail [F]raud, yet knowing that the movant was under the influence of medication, allowed the Government to place a charge of Aggravated Identity [T]heft on Movant without meeting the Rules of Criminal Procedure to secure a charge of Aggravated Identity Theft."[40]

The Fifth Circuit has explained that "[i]n a habeas proceeding alleging ineffective assistance of counsel, the petitioner has the burden of proof."[41] Further, to prove a valid claim for ineffective assistance of counsel, the petitioner must demonstrate both prongs of the test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). As a result, Hughes must show that: (1) her counsel's performance was deficient and (2) her counsel's deficient performance prejudiced her defense.[42]

In *Strickland*, the Supreme Court explained:

---

[38] *See* R. Doc. 68, at 6.
[39] *Id.* at 6-7.
[40] *Id.* at 7.
[41] *United States v. Chavez*, 193 F.3d 375, 378 (5th Cir. 1999) (citing *Clark v. Collins*, 19 F.3d 959, 964 (5th Cir. 1994)).
[42] *See Strickland*, 466 U.S. at 687.

7

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable.[43]

As a result, district courts should "indulge a strong presumption that counsel's conduct falls within the wide range of professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound . . . strategy."[44] With respect to a habeas petition alleging ineffective performance at sentencing, the Fifth Circuit has explained that *Strickland's* deficiency prong is met when counsel fails to "research facts and law and raise meritorious arguments based on controlling precedent."[45]

With respect to the second prong of the *Strickland* test, the petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."[46] To establish prejudice in a case involving a guilty plea, the petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."[47]

In *Armstead v. Scott*, the Fifth Circuit explained that a petitioner must do more than merely allege prejudice: "[A] defendant must 'affirmatively prove' prejudice. A mere allegation of prejudice is not sufficient to satisfy the prejudice prong of the *Strickland* test.

---

[43] *Id.* at 689.
[44] *Id.* (citation and internal quotation marks omitted).
[45] *United States v. Fields*, 565 .3d 290, 296 (5th Cir. 2009) (citing *United States v. Conley*, 349 F.3d 837, 841 (5th Cir. 2003)).
[46] *Strickland*, 466 U.S. at 694.
[47] *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

A petitioner must establish that but for his counsel's alleged erroneous advice, he would not have pleaded guilty, but would have insisted upon going to trial."[48]

As the Supreme Court explained in *Strickland*, if the Court finds that the petitioner has made an insufficient showing with respect to either of the two required prongs, the Court may dispose of the claim.[49] Further, the Supreme Court advised that "[i]f it is easier to dispose of an ineffectiveness claim on the ground of insufficient prejudice, which we expect will often be so, that course should be followed."[50]

During the Rearraignment, the Court inquired whether Hughes was pleading guilty voluntarily and of her own free will. Hughes answered affirmatively and confirmed that she was of sound mind; that she understood the crimes she was charged with, including Count 8; that she wished to plead guilty voluntarily, understanding her rights, and the impact that pleading guilty had on those rights, had not received promises outside the terms of her Plea Agreement, and had not been coerced into pleading guilty. As the Government correctly identifies, Hughes' plea agreement contains an express waiver of her rights to appeal and collaterally challenge her conviction and sentence.[51] As was the case in *United States v. Alvarado-Casas*, 715 F.3d 945, 955-56 (5th Cir. 2013), the appellate waiver in the plea agreement covers the challenge Hughes now makes.

Further, as the Government correctly acknowledges, "the plea documents Hughes reviewed and signed belies her contention that her aggravated identity theft was ambiguous in the plea agreement or absent from the factual basis."[52] The Factual Basis clearly states that had the matter proceed to trial, the Government would have established

---

[48] 37 F.3d 202, 206 (5th Cir. 1994) (internal citations omitted).
[49] *Strickland*, 466 U.S. at 697.
[50] *Id.*
[51] R. Doc. 70, at 9 (citing R. Doc. 51, at 3-4).
[52] *Id.* at 10.

9

beyond a reasonable doubt that Hughes "obtained the personal identification information, including the name, home address, date of birth, and social security number, of not fewer than 103 individuals without their knowledge or consent and caused federal income tax returns to be filed in those individuals' name without their knowledge."[53] M.H., the victim identified in Count 8, was among the 103 individuals. The Factual Basis specifically described Hughes role in committing aggravated identity theft on M.H. during the commission of the underlying fraud:

> For example, on about August 31, 2012, **HUGHES** caused a federal income tax refund check in the amount of approximately $4,450, check number 38813660, made payable to M.H., to be sent via United States Mail to Box 149, located at the UPS store in Hammond, Louisiana, within the Eastern District of Louisiana. The Government would further establish that **HUGHES** caused the federal income tax refund to be sent to Box 149 causing a tax year 2010 federal income tax return in M.H.'s name to be submitted via United States Mail to the Internal Revenue Service on about August 4, 2012, which claimed a refund in the amount of $,450, knowing that M.H. had not authorized the submission of such tax return, was unaware of the tax return, and had no knowledge that a refund had issued. In submitting the tax return in M.H.'s name, and in relation to the offense of mail fraud that resulted from the submission of the tax return and subsequent receipt of a federal income tax refund check in M.H.'s name (as described *supra.*), **HUGHES** knowingly possessed and used, without lawful authority, the means of identification of M.H.[54]

In its opposition, the Government argues, "In no way was the evidence undergirding Hughes's conviction on Count 8 ambiguous, implicit, or confusing. Hughes was charged – and pleaded guilty to – possessing and using without lawful authority M.H.'s identification in the most straightforward terms."[55] The Court agrees and as a result, the Court finds Hughes has not met the *Strickland* standard and therefore her Section 2255 motion must be denied.

---

[53] R. Doc. 50, at 3.
[54] *Id.* at 4-5.
[55] R. Doc. 70, at 11.

10

## **CONCLUSION**

Accordingly;

**IT IS ORDERED** that Defendant Raven Hughes' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence is **DENIED.**

**New Orleans, Louisiana, this 15th day of February, 2017.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**