UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | CRIMINAL ACTION |
|---|---|
| VERSUS | NO. 15-169 |
| RAVEN HUGHES | SECTION: "E" (1) |

## ORDER AND REASONS

Before the Court is Defendant Raven Hughes' Motion to Change Method by Which Balance of Sentence is Served.[1] For the following reasons, Defendant's motion is **DENIED**.

## BACKGROUND

On June 26, 2015, Raven Hughes was charged in an eight-count indictment related to her role in using identities of unwitting individuals to file dozens of false and fraudulent tax returns and receiving tax refund checks for those individuals.[2] Counts One through Four concerned specific tax refund checks she received in other people's names because of her role in the scheme.[3] Counts Five through Eight charged Hughes with discrete incidents of aggravated identity theft based on her use of others' means of identification in furthering her fraudulent scheme.[4]

On February 2, 2016, Hughes pleaded guilty to Counts Four and Eight of the Indictment.[5] As part of her plea, Hughes and her counsel signed a Factual Basis detailing the conduct she committed and a Plea Agreement.[6] Pursuant to the Plea Agreement,

---

[1] R. Doc. 84.
[2] R. Doc. 21.
[3] *Id.* at 1-6; R. Doc. 58, at 5.
[4] R. Doc. 21, at 6; R. Doc. 58, at 5.
[5] R. Docs. 49, 50, 51, 58.
[6] R. Docs. 50, 51.

1

Hughes pleaded guilty to Counts 4 and 8 and agreed to waive her appellate rights in exchange for Government concessions to "dismiss all remaining counts in the Indictment now pending against the defendant" and "not to bring any other charges in the Eastern District of Louisiana arising out of the conduct detailed in the Factual Basis."[7] Hughes also agreed to "waive[] and give[] up any . . . right to challenge the manner in which defendant's sentence was determined and to challenge any United States Sentencing Guideline determinations and their application by any judge to defendant's sentence and judgment[.]"[8] On May 18, 2016, Hughes was sentenced to thirty-six months in prison: 12 months as to Count 4 and twenty-four months as to Count 8, to be served consecutively.[9] The sentence was a downward variance from the Guideline range of fifty-seven to seventy-one months.

## ANALYSIS

In this motion, Defendant moves the Court for an order changing the method by which she will serve the balance of her sentence, requesting that the Court allow her to serve the remaining months of her sentence in home confinement.[10] She claims such an order is available under the Family Unity Demonstration Project Act of 1993.[11] For several reasons, however, the Court finds that such relief is unavailable.

The Defendant fashions the motion as a "Motion to Change the Method by Which Balance of Sentence is Served," but the motion in effect challenges her sentence. The Fifth Circuit has explained that a district court has limited authority to modify or correct a sentence:

---

[7] R. Doc. 51, at 1, 3-4.
[8] *Id.* at 3.
[9] *See* R. Doc. 65 at 2.
[10] R. Doc. 84.
[11] 18 U.S.C. § 12242 *et seq.* (2012).

> 18 U.S.C. § 3582(b) authorizes the district court to modify a previously imposed sentence in a limited number of circumstances, such as: (1) when the court receives a motion from the Director of the Bureau of Prisons indicating there are extraordinary and compelling reasons warranting a reduction and that reduction is consistent with applicable policy statements issued by the Sentencing Commission; (2) pursuant to Rule 35(c) of the Federal Rules of Criminal Procedure the district court, acting within 7 days after the imposition of sentence, corrects an arithmetical, technical, or other clear error identified in a previously imposed sentence; and (3) when a defendant who has been sentenced to a term of imprisonment based upon a sentencing range that has subsequently been lowered by the Sentencing Commission.[12]

None of these limited circumstances applies in this case. The Director of the Bureau of Prisons has not moved to modify the Defendant's term of imprisonment. As a result, the Defendant is unable to seek relief pursuant to 18 U.S.C. § 3582(c)(2). Nor has the Defendant alleged an "arithmetical, technical, or other clear error" by the district court sufficient to seek relief under Rule 35.[13] Finally, the Defendant was given a 36-month sentence pursuant to her plea agreement, rather than a sentence based upon the 57- to 72-month range posited by the sentencing guidelines. Accordingly, the third circumstance does not apply.

Alternatively, in the event the motion should be construed as a notice of appeal pursuant to Rule 4(b) of the Rules of Appellate Procedure, but such a notice would be untimely.[14] The Defendant was sentenced to 36 months of incarceration; a motion to convert the sentence of imprisonment into a sentence of home confinement operates as a *de facto* appeal of her sentence. Under Rule 4(b), a notice of appeal must be filed within 14 days after the entry of either the judgment or the order being appealed.[15] The Court entered a judgment against Defendant on May 18, 2016. The present motion was filed on

---

[12] *United States v. Bridges*, 116 F.3d 1110, 1112 (5th Cir. 1997).
[13] FED. R. CRIM. P. 35.
[14] FED. R. APP. P. 4.
[15] FED. R. APP. P. 4(b)(1)(A)(i).

November 14, 2017. Because the motion was filed more than 14 days after the Court entered judgment against her, the motion is not timely.

Moreover, the Defendant waived her right to appeal her sentence. At her re-arraignment, and pursuant to the written terms of her plea agreement, Hughes knowingly and voluntarily waived and gave up:

> [A]ny right to challenge [her] sentence collaterally, including but not limited to any and all rights which arise under Title 28, United States Code, Sections 2255 and 2241, Rule 60 of the Federal Rules of Civil Procedure, Rule 36 of the Federal Rules of Criminal Procedure, writs of coram nobis and audita querela, and any other collateral challenges to her sentence of any kind.[16]

As a result, even if the Defendant's appeal were timely, her plea agreement forecloses her from pursuing the appeal.

Finally, the statute cited by Defendant does not give her a right to appeal her sentence. She argues the enactment of the Family Unity Demonstration Project Act "charged the United States Bureau of Prisons with the responsibility for developing halfway house-like facilities," but that "the Bureau of Prisons has failed to and refuses to effectuate the Project."[17] Defendant asserts that the failure of the Bureau of Prisons to fund the project creates a right to challenge her sentence in court, because "[w]hen a federal agency has refused, through either nonfeasance or malfeasance to follow the law, the Court is empowered to fashion an alternative remedy to effectuate the goal that Congress sought to achieve."[18] The Court disagrees, and finds that the failure of the Bureau of Prisons to implement the Family Unity Demonstration does not give the Defendant the ability to challenge the method by which the she serves her sentence.

---

[16] R. Doc. 51, at 3.
[17] R. Doc. 84 at 2.
[18] *Id.*

4

## CONCLUSION

Accordingly;

**IT IS ORDERED** that Defendant Raven Hughes' Motion Change Method by Which Balance of Sentence is Served[19] is **DENIED**.

**New Orleans, Louisiana, this 12th day of December, 2017.**

_____
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**

---

[19] R. Doc. 84.