UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 15-169 |
| RAVEN HUGHES | SECTION: "E" (1) |

## ORDER AND REASONS

Before the Court is Defendant Raven Hughes' Motion for Reconsideration of Sentence.[1] For the following reasons, Defendant's motion is **DENIED**.

## BACKGROUND

On June 26, 2015, Raven Hughes was charged in an eight-count indictment related to her role in using identities of unwitting individuals to file dozens of false and fraudulent tax returns and receiving tax refund checks for those individuals.[2] Counts One through Four concerned specific tax refund checks she received in other people's names because of her role in the scheme.[3] Counts Five through Eight charged Hughes with discrete incidents of aggravated identity theft based on her use of others' means of identification in furthering her fraudulent scheme.[4]

On February 2, 2016, Hughes pleaded guilty to Counts Four and Eight of the Indictment.[5] As part of her plea, Hughes and her counsel signed a Factual Basis detailing the conduct she committed and a Plea Agreement.[6] Pursuant to the Plea Agreement, Hughes pleaded guilty to Counts 4 and 8 and agreed to waive her appellate rights in

---

[1] R. Doc. 85.
[2] R. Doc. 21.
[3] *Id.* at 1-6; R. Doc. 58, at 5.
[4] R. Doc. 21, at 6; R. Doc. 58, at 5.
[5] R. Docs. 49, 50, 51, 58.
[6] R. Docs. 50, 51.

1

exchange for Government concessions to "dismiss all remaining counts in the Indictment now pending against the defendant" and "not to bring any other charges in the Eastern District of Louisiana arising out of the conduct detailed in the Factual Basis."[7] Hughes also agreed to "waive[] and give[] up any . . . right to challenge the manner in which defendant's sentence was determined and to challenge any United States Sentencing Guideline determinations and their application by any judge to defendant's sentence and judgment[.]"[8] On May 18, 2016, Hughes was sentenced to thirty-six months in prison: 12 months as to Count 4 and twenty-four months as to Count 8, to be served consecutively.[9] The sentence was a downward variance from the Guideline range of fifty-seven to seventy-one months.

## **ANALYSIS**

In this motion, Defendant moves the Court for appeal of her sentence pursuant to 18 U.S.C. § 3742(e) on the grounds that she has been rehabilitated.[10] She asserts she is entitled to relief under *Pepper v. United States*.[11] For several reasons, however, the Court finds that such relief is unavailable.

First, this Court does not have the authority to modify Defendant's sentence. The Defendant fashions the motion as a "Motion for Reconsideration" but this is not a cognizable procedure for obtaining post-judgment relief. The Fifth Circuit has explained that a district court has limited authority to modify or correct a sentence:

> 18 U.S.C. § 3582(b) authorizes the district court to modify a previously imposed sentence in a limited number of circumstances, such as: (1) when the court receives a motion from the Director of the Bureau of Prisons indicating there are extraordinary and compelling reasons warranting a

---
[7] R. Doc. 51, at 1, 3-4.
[8] *Id.* at 3.
[9] *See* R. Doc. 65 at 2.
[10] R. Doc. 85 at 1.
[11] 562 U.S. 476 (2011).

2

reduction and that reduction is consistent with applicable policy statements issued by the Sentencing Commission; (2) pursuant to Rule 35(c) of the Federal Rules of Criminal Procedure the district court, acting within 7 days after the imposition of sentence, corrects an arithmetical, technical, or other clear error identified in a previously imposed sentence; and (3) when a defendant who has been sentenced to a term of imprisonment based upon a sentencing range that has subsequently been lowered by the Sentencing Commission.[12]

None of these limited circumstances applies in this case. The Director of the Bureau of Prisons has not moved to modify the Defendant's term of imprisonment. As a result, the Defendant is unable to seek relief pursuant to 18 U.S.C. § 3582(c)(2). Nor has the Defendant alleged an "arithmetical, technical, or other clear error" by the district court sufficient to seek relief under Rule 35.[13] Finally, the Defendant was given a 36-month sentence pursuant to her plea agreement, rather than a sentence based upon the 57- to 72-month range posited by the sentencing guidelines. Accordingly, the third circumstance does not apply.

Second, in the event the motion should be construed as a notice of appeal pursuant to Rule 4(b) of the Rules of Appellate Procedure, such a notice would be untimely.[14] The Defendant was sentenced to 36 months of incarceration; a motion to convert the sentence of imprisonment into a sentence of home confinement operates as a *de facto* appeal of her sentence. Under Rule 4(b), a notice of appeal must be filed within 14 days after the entry of either the judgment tor the order being appealed.[15] The Court entered a judgment against Defendant on May 18, 2016. The present motion was filed on November 14, 2017. Because the motion was filed more than 14 days after the Court entered judgment against her, the motion is not timely.

---

[12] *United States v. Bridges*, 116 F.3d 1110, 1112 (5th Cir. 1997).
[13] FED. R. CRIM. P. 35.
[14] FED. R. APP. P. 4.
[15] FED. R. APP. P. 4(b)(1)(A)(i).

3

Third, even if the motion is construed as a notice of appeal and had been timely filed, the legal authorities cited by Defendant do not entitle her to relief in this Court. 18 U.S.C. § 3742(e) establishes the factors to be considered in the limited review of a sentence by courts of appeals, but does not expand the authority of district courts to review sentences.[16] *Pepper v. United States*,[17] the case principally relied on by Defendant, is distinguishable from the present case. *Pepper* involved a district court's resentencing of a defendant after the court of appeals had reviewed the prior sentence and remanded the matter to the district court. In that case, the Court found that the district court had the authority to consider the Defendant's post-trial rehabilitation in its resentencing after remand.[18] In this case, however, the Fifth Circuit has not reviewed Defendant's sentence, and this Court does not have authority to revisit her sentence.

## CONCLUSION

Accordingly;

**IT IS ORDERED** that Defendant Raven Hughes' Motion to Reconsider Her Sentence[19] is **DENIED**.

**New Orleans, Louisiana, this 12th day of December, 2017.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[16] 18 U.S.C. § 3742 (e) (2012) ("Upon review of the record, the court of appeals shall determine . . . ").
[17] 562 U.S. 476 (2011).
[18] *Id.* at 493.
[19] R. Doc. 84.